E-filing

530

FILED
08 MAY 15 PM 3:22
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

✎ AO 241
(Rev. 12/04)

Page 2

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: NORTHERN DISTRICT OF CALIFORNIA |
|---|---|

| Name (under which you were convicted): <br><br> RUBEN LOPEZ | Docket or Case No.: <br><br> CC578232 |
|---|---|

| Place of Confinement : <br> MULE CREEK STATE PRISON | CV 08 | Prisoner No.: <br> T-72201 | 2489 |
|---|---|---|---|

| Petitioner (include the name under which you were convicted) <br><br> RUBEN LOPEZ | v. | Respondent (authorized person having custody of petitioner) <br><br> EDMUND G. BROWN, JR. | RMW |
|---|---|---|---|

| The Attorney General of the State of California |
|---|

(PR)

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

   Superior Court of the State of California
   Santa Clara County Judicial District - Hall of Justice
   190 W. Hedding Street, San Jose, CA 95110

      (b) Criminal docket or case number (if you know):    CC578232

2.    (a) Date of the judgment of conviction (if you know):   8/31/2005

      (b) Date of sentencing:     12/23/2005

3.    Length of sentence:    25 years to LIFE

4.    In this case, were you convicted on more than one count or of more than one crime?    ☐ Yes   ☑ No

5.    Identify all crimes of which you were convicted and sentenced in this case:
   VC 2800.2(A) Reckless driving in the commission of VC2800.1

6.    (a) What was your plea? (Check one)

        ☑ (1)    Not guilty     ☐ (3)    Nolo contendere (no contest)

        ☐ (2)    Guilty        ☐ (4)    Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury     ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes     ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes     ☐ No

9. If you did appeal, answer the following:

(a) Name of court:     California Court of Appeal - Sixth Appellate District

(b) Docket or case number (if you know):     H029724

(c) Result:     Conviction Affirmed

(d) Date of result (if you know):     2/27/2007

(e) Citation to the case (if you know):     People v. Lopez, No. H029724 (Cal.App. Dist.6 02/27/2007)

(f) Grounds raised:
(1) the evidence is insufficient to support the section 2800.2 conviction.
(2) the trial court prejudicially erred in failing to instruct the jury on the meaning of "a distinctive uniform."
(3) the trial court prejudicially erred in admitting evidence of a prior offense for violating section 2800.2 to prove the specific intent on this occasion.
(4) CALJIC No. 12.85 contains an unconstitutional mandatory presumption.
(5) trial counsel rendered ineffective assistance.

(g) Did you seek further review by a higher state court?     ☑ Yes     ☐ No

If yes, answer the following:

(1) Name of court:     Supreme Court of California

(2) Docket or case number (if you know):     S151634

(3) Result:
Petition for Review denied.

(4) Date of result (if you know):     5/16/2007

AO 241
(Rev. 12/04)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes     ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☐ Yes     ☑ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☐ No

(7) Result:

(8) Date of result (if you know):

AO 241
(Rev. 12/04)

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑  Yes   ❑  No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐  Yes     ☐  No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1)  First petition:     ☐  Yes     ☐  No

(2)  Second petition:    ☐  Yes     ☐  No

(3)  Third petition:     ☐  Yes     ☐  No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The evidence is insufficient to support the California Vehicle Code section 2800.2 conviction. VC section 2800.2 requires specific intent to flee from the police. I was unconscious due to my .30 blood alcohol content and prescription medications. The trial court admitted evidence of a prior offense for violating VC section 2800.2 to prove the specific intent by analogy on this occasion. I was not intoxicated for the prior offense.

The police said I was driving. The testimony of the police regarding my condition following the stop does not support their allegation that I was the driver. Someone drove me home from the bar. The driver fled the scene after the car stopped. My attorney did not raise the issue of who was driving at trial.

There was no property damage or injuries.

(b) If you did not exhaust your state remedies on Ground One, explain why:

All state remedies exhausted.

AO 241
(Rev. 12/04)

(c)    **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐    Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241
(Rev. 12/04)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

CALJIC No. 12.85 contains an unconstitutional mandatory presumption.

Vehicle Code section 2800.2(a) requires the state to prove the defendant had a wanton and willful disregard for
the safety of persons or property. The jury instruction leads the jury to believe that this element is satisfied by
three of more vehicle code violations, no matter how minor. Wanton and willful is related to Ground One,
whether the state satisfied the specific intent element.

There were no injuries or damage to property.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?        ☑ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

AO 241
(Rev. 12/04)

Page 9

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❑ Yes  ❑ No

(4) Did you appeal from the denial of your motion or petition?  ❑ Yes  ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❑ Yes  ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Ineffective counsel. I did not get a fair trial. My attorney failed to object on proper grounds during the trial to the opinion of the police officer and several improper statements of the prosecutor. My attorney did not argue the effects of my prescription medication when combined with the alcohol or call an expert to testify on this issue. My attorney did not object to the prosecutor's misconduct by his continued emphasis on my specific intent. My attorney did not make the state prove that I was even driving. My attorney did not ask if there was a video of the alleged pursuit or the stop. The prosecutor did not volunteer the evidence that could have proved I was not the driver.

✎AO 241
(Rev. 12/04)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes   ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                              ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?                        ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The three strikes law is unconstitutional.  Punishment of 25 years to life in prison does not fit the crime of
reckless driving while attempting to elude a police officer.  I served my time for the priors.  Even if I was guilty of
this crime, I should not have to serve any more time for this offense than any other person would.  This does not
seem to be equal protection under the law.

(b) If you did not exhaust your state remedies on Ground Four, explain why:

No.  My attorney did not raise this issue.

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:
Ineffective counsel.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

✎AO 241
(Rev. 12/04)

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition?                ❏  Yes      ❏  No

(4) Did you appeal from the denial of your motion or petition?           ❏  Yes      ❏  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❏  Yes      ❏  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

✎AO 241
(Rev. 12/04)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction?    ☐ Yes    ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them:
       Ground four - my attorney did not raise this issue.

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so,

ground or grounds have not been presented, and state your reasons for not presenting them:
       Ground four - my attorney did not raise this issue.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the

raised.

✎AO 241
(Rev. 12/04)

16.      Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:
Irma Jurado, Public Defender, 120 W Mission Street, San Jose, CA, 95110

(b) At arraignment and plea:
Irma Jurado, Public Defender, 120 W Mission Street, San Jose, CA, 95110

(c) At trial:
Phong Do, Public Defender, 120 W Mission Street, San Jose, CA, 95110

(d) At sentencing:
Phong Do, Public Defender, 120 W Mission Street, San Jose, CA, 95110

(e) On appeal:
Peggy Ann Headley, #180, 11448 Deerfield Drive, Suite 2, Truckee, CA 96161

(f) In any post-conviction proceeding:
None

(g) On appeal from any ruling against you in a post-conviction proceeding:
None


17.      Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?      ☐ Yes    ☑ No

18.      TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.   § 2244(d) provides in

part that:

       (1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in
          custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

              (A)     the date on which the judgment became final by the conclusion of direct review or the expiration
                    of the time for seeking such review;

              (B)     the date on which the impediment to filing an application created by State action in violation of
                    the Constitution or laws of the United States is removed, if the applicant was prevented from
                    filing by such state action;

              (C)     the date on which the constitutional right asserted was initially recognized by the Supreme
                    Court, if the right has been newly recognized by the Supreme Court and made retroactively
                    applicable to cases on collateral review; or

              (D)     the date on which the factual predicate of the claim or claims presented could have been
                    discovered through the exercise of due diligence.

✎AO 241
(Rev. 12/04)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on   *5-8-2008*   (month, date, year).

Executed (signed) on   *5-7-2008*   (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

IN FORMA PAUPERIS DECLARATION

_____

[insert appropriate court]

* * * * *