*E-FILED - 7/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBEN LOPEZ, | ) | No. C 08-2489 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| | ) | |
| vs. | ) | |
| | ) | |
| EDMUND G. BROWN, | ) | (Docket No. 4) |
| | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. The court orders respondent to show cause why a writ of habeas corpus should not be granted.

**BACKGROUND**

According to the petition, petitioner was convicted in Santa Clara County Superior Court of reckless driving while fleeing from a police officer. The trial court sentenced petitioner to a term of 25-years-to-life in state prison. On direct appeal, the state appellate court affirmed the judgment, and the state supreme court denied the petition for review. The instant federal petition was filed on May 15, 2008.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person

Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.08\Lopez489osc.wpd          1

1 in custody pursuant to the judgment of a state court only on the ground that he is in
2 custody in violation of the Constitution or laws or treaties of the United States." 28
3 U.S.C. § 2254(a); <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975).
4      A district court shall "award the writ or issue an order directing the respondent to
5 show cause why the writ should not be granted, unless it appears from the application that
6 the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.     Petitioner's Claims**

As grounds for federal habeas relief petitioner asserts that (1) there was insufficient evidence to support his conviction; (2) the jury instruction pursuant to CALJIC No. 12.85 contains an unconstitutional mandatory presumption; (3) he received ineffective assistance of counsel at trial; and (4) California's Three Strikes law violates his rights under the equal protection clause because it requires petitioner to serve more time than other people convicted of the same offense who do not have prior "strike" convictions. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

**CONCLUSION**

1.     The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2.     Respondent shall file with the court and serve on petitioner, within **ninety days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse

1 with the court and serving it on respondent within **thirty days** of the date the answer is
2 filed.

3     3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
4 an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
5 Governing Section 2254 Cases within **ninety days** of the date this order is filed.  If
6 respondent files such a motion, petitioner shall file with the court and serve on respondent
7 an opposition or statement of non-opposition within **thirty days** of the date the motion is
8 filed, and respondent shall file with the court and serve on petitioner a reply within **fifteen**
9 **days** of the date the opposition is filed.

10     4.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded
11 that all communications with the court must be served on respondent by mailing a true
12 copy of the document to respondent's counsel.  Petitioner must keep the court and all
13 parties informed of any change of address by filing a separate paper captioned "Notice of
14 Change of Address."  He must comply with the court's orders in a timely fashion.  Failure
15 to do so may result in the dismissal of this action for failure to prosecute pursuant to
16 Federal Rule of Civil Procedure 41(b).

17     5.    As petitioner has paid the filing fee, the application to proceed in forma
18 pauperis is DENIED as moot.

19     This order terminates docket number 4.

20     IT IS SO ORDERED.

21 DATED: <u>7/1/08</u>

                                             RONALD M. WHYTE
22                                              United States District Judge