*E-FILED - 3/18/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN LOPEZ,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>EDMUND G. BROWN,<br><br>　　　　Respondent. | No. C 08-2489 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DIRECTING PETITIONER TO FILE AMENDED PETITION OR REQUEST FOR STAY<br><br>(Docket No. 8) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition for petitioner's failure to exhaust state remedies. Petitioner has not filed an opposition. Having reviewed the papers, the court GRANTS respondent's motion to dismiss.

**BACKGROUND**

Petitioner was sentenced to twenty-five years-to-life in state prison after being convicted of driving with wilful and wanton disregard for the safety of persons and property while fleeing a peace officer, driving under the influence, and driving with a blood alcohol level of .08 percent or more. Petitioner admitted four prior "strike" offenses and three prior prison terms. Petitioner filed a direct appeal to the court of appeal and a petition for review in the state supreme court.

The instant petition was filed on May 15, 2008.

## DISCUSSION

Respondent moves to dismiss the petition on the ground it is unexhausted because petitioner did not fairly present three of his four claims for review to the state courts. In his § 2254 petition, petitioner raised the following claims: (1) the evidence was insufficient to support his conviction for wilful and wanton disregard for the safety of persons and property while fleeing a peace officer because he lacked specific intent to flee; (2) CALJIC 12.85 contains an unconstitutional mandatory presumption that violated due process; (3) counsel was ineffective because (a) he failed to object to the opinion of the police officer and several improper statements of the prosecutor, (b) he failed to argue the effects of prescription medicine combined with alcohol, (c) he failed to object to prosecutorial misconduct, and (d) he failed to request a video of the alleged pursuit or stop; and (4) the three-strikes law is unconstitutional and violates equal protection.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim has been "fairly presented" to the state courts. See id.; Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (en banc).

As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts in the manner required by the state courts, thereby affording the state courts a meaningful opportunity to consider allegations of legal error. Casey v. Moore, 386 F.3d 896, 915-16 (9th Cir. 2004). In order to fairly present a claim, it is not sufficient to raise only the facts supporting the claim; rather, "the constitutional claim . . .

inherent in those facts" must be brought to the attention of the state court. See Picard, 404 U.S. at 277. State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

There is no dispute that petitioner presented Claim #2 to the California Supreme Court in his April 9, 2007 petition for review. (Mot., Ex. A, p. 29-34.) There is also no dispute that petitioner did not present Claim #4 to the California Supreme Court in his April 9, 2007 petition for review. (Mot., p. 7; Petition, p. 11.) Respondent argues, however, that petitioner's petition for review also did not fairly present Claim #1 or Claim #3 to the California Supreme Court. (Mot., p. 6-7.)

A.   Claim #1 -- Insufficiency of the Evidence

A review of petitioner's petition for review to the California Supreme Court reveals a claim of insufficiency of the evidence. (Mot., Ex. A, p. 23-25.) However, as respondent notes, petitioner's claim before the state court was one of whether sufficient evidence existed that the officer had turned on the required police light as mandated by statute, not whether there was sufficient evidence that petitioner possessed the requisite specific intent to flee. (Id.) In petitioner's federal habeas petition, although Claim #1 is also an insufficiency of the evidence claim, none of the factual bases underlying that claim is the one stated in the insufficiency of the evidence claim presented in the petition for review to the California Supreme Court.

In petitioner's petition for review, he also raised a claim that the trial court improperly admitted petitioner's prior 2001 conviction to prove the specific intent element in petitioner's underlying charge. (Mot., Ex. A., p. 15-22.) Although the underlying facts of this claim are similar to those expressed in petitioner's Claim #1 in his federal petition, the actual legal theory presented to the state court was not insufficiency of the evidence, such as was presented to this court. Accordingly, the court concludes that Claim #1 is unexhausted. See Kelly v. Small, 315 F.3d 1063, 1068-69 (9th Cir. 2003) (finding unexhausted ineffective assistance of counsel and prosecutorial misconduct claims where specific instances of ineffectiveness and misconduct asserted in federal petition were neither in the California Supreme Court petition nor discussed

by the court of appeal), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007); Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999) (stating a claim is exhausted when the petitioner presents the issue's factual and legal basis to the state's highest court).

B.    Claim #3 -- Ineffective Assistance of Counsel

A review of petitioner's petition for review to the California Supreme Court reveals a claim of ineffective assistance of counsel. (Mot., Ex. A, p. 26-28.) However, as respondent notes, petitioner's claim before the state court only argued that counsel was ineffective for failing to object to the prosecutor's rebuttal argument that lowered the standard of proof of "beyond a reasonable doubt." (Id. at p. 27.) In petitioner's federal habeas petition, although Claim #3 is also an ineffective assistance of counsel claim, none of the factual bases underlying that claim is the one stated in the ineffective assistance of counsel claim presented in the petition for review to the California Supreme Court. See Kelly, 315 F.3d at 1068-69. Accordingly, the court concludes that Claim #3 is unexhausted.

Having concluded that petitioner did not exhaust three of his four claims, the court GRANTS respondent's motion to dismiss the petition as a "mixed" petition that contains both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 273 (2005). Before entering a judgment of dismissal, however, the court must provide petitioner an opportunity to amend the mixed petition by striking his unexhausted claims as an alternative to suffering dismissal. Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing Rhines, 544 U.S. at 277). As a further alternative, the court may stay the mixed petition while petitioner returns to state court to exhaust his unexhausted claim. See Rhines, 544 U.S. at 277. Accordingly, petitioner may choose either to amend his petition and proceed only with his exhausted claim, or request a stay of the petition while he exhausts his unexhausted claims in state court. A stay will not be granted, however, unless petitioner can show there was good cause for his failure to exhaust his unexhausted claims, Claim #1, #3, and #4, in state court. See id. The court will address the merits of the claim following petitioner's election below, and resolution of the exhaustion issue.

///

**CONCLUSION**

For the reasons stated above, the Court hereby orders as follows:

1. Respondent's motion to dismiss (docket no. 8) is GRANTED.

2. No later than **thirty (30) days** from the date of this order, petitioner shall either: (1) file an amended petition that includes only his exhausted claim and strikes the unexhausted claims, or (2) file a request for a stay of this matter while he exhausts his unexhausted claims in state court.

3. If petitioner chooses to file an amended petition, he must include the caption and civil case number used in this order, No. C-08-2489 RMW (PR), as well as the words FIRST AMENDED PETITION on the first page; petitioner shall not incorporate material from the original petition by reference.

4. If petitioner fails to file either an amended petition or a request for a stay as ordered herein, the petition will be dismissed without prejudice to petitioner's later filing a new petition that contains only exhausted claims.

This order terminates docket no. 8.

IT IS SO ORDERED.

DATED:  3/16/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge