***E-FILED - 8/14/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBEN LOPEZ, | ) | No. C 08-2489 RMW (PR) |
| Petitioner, | ) ) | ORDER DENYING REQUEST TO RE-OPEN |
| vs. | ) ) | |
| EDMUND G. BROWN, | ) ) | |
| Respondent. | ) ) | |

    Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the petition for failure to exhaust state remedies. On March 18, 2009, the court granted respondent's motion to dismiss, concluding that three out of the four claims raised were unexhausted. Thereafter, the court ordered petitioner to either (1) file an amended petition that included only his exhausted claim and strike the unexhausted claims, or (2) file a request for a stay of this matter while he exhausted his unexhausted claims in state court. Petitioner failed to do either within the required time. On June 3, 2009, the court dismissed this action without prejudice for failure to prosecute and to comply with a court order.

    On June 30, 2009, the court received a letter from petitioner's brother-in-law, Dale Laue, stating that petitioner did indeed submit a timely request for a stay and attached a copy of such request along with other supporting documentation. Mr. Laue requested that the court vacate its

Order Denying Request to Re-Open
P:\PRO-SE\SJ.Rmw\HC.08\Lopez489rec.wpd         1

dismissal and re-open the case.  For the reasons stated below, the request is DENIED.

A person other than the detained person may establish standing as a "next friend." Whitmore v. Arkansas, 495 U.S. 149, 163 (1990).  A next friend does not himself become a party to the habeas petition, "but simply pursues the cause on behalf of the detained person, who remains the real party in interest."  Id.  There are two firmly rooted prerequisites to "next friend" standing:

> First, a next friend must provide an adequate explanation--such as inaccessibility, mental incompetency, or other disability--why the real party in interest cannot appear on his own behalf to prosecute the action.  Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate and it has been further suggested that a next friend must have some significant relationship with the real party in interest.  The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.

Id. at 163-64 (citations omitted).

Here, Mr. Laue does not have standing to litigate this case on behalf of petitioner.  Mr. Laue has not established that petitioner cannot appear on his own behalf request reconsideration of the court's dismissal order.  Due to the importance of the stakes at issue in a habeas petition, the court has to be very certain that the right litigant is present.  Should petitioner wish to re-open this case, petitioner must file his own motion for reconsideration or Mr. Laue must request reconsideration of this order by demonstrating that he has standing to litigate as petitioner's "next friend."

## CONCLUSION

The request to re-open the case is DENIED.

IT IS SO ORDERED.

Dated: 8/12/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge