***E-FILED - 12/8/09***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBEN LOPEZ, | ) | No. C 08-2489 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER GRANTING REQUEST TO |
| | ) | RE-OPEN; DENYING MOTION TO |
| vs. | ) | STAY; ORDER TO SHOW CAUSE |
| | ) | |
| EDMUND G. BROWN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

     Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 18, 2009, the court granted respondent's motion to dismiss this action as the petition was "mixed;" that is, it contained both exhausted and unexhausted claims. Specifically, the court concluded that three out of the four claims raised were unexhausted. Thereafter, the court ordered petitioner to either (1) file an amended petition that included only his exhausted claim and strike the unexhausted claims, or (2) file a request for a stay of this matter while he exhausted his unexhausted claims in state court. Petitioner was advised that if he filed a request for a stay, no stay would be granted without a sufficient showing of "good cause" as to why he was unable to exhaust earlier. On June 3, 2009, after receiving no communication from petitioner, the court dismissed this action without prejudice for failure to prosecute and to comply with a court order.

     On June 30, 2009, the court received a letter from petitioner's brother-in-law, Dale Laue,

Order Granting Request to Re-Open; Denying Motion to Stay; Order to Show Cause
P:\PRO-SE\SJ.Rmw\HC.08\Lopez489reopen.wpd

1  stating that petitioner did indeed submit a timely request for a stay and attached a copy of such
2  request along with other supporting documentation.  Mr. Laue requested that the court vacate its
3  dismissal and re-open the case.  On August 14, 2009, the court denied Mr. Laue's request, noting
4  that he was not a party to this action, nor was he a "next friend."

5        On October 1, 2009, petitioner filed a motion to re-open this action, submitting the same
6  explanation as Mr. Laue previously did, and requesting a stay.  Upon review of the motion and
7  its supporting documents, it appears that petitioner did, in fact, submit a timely request to stay
8  this action and through no fault of his, that motion was never received by this court.
9  Accordingly, the court GRANTS petitioner's motion to re-open the case.

10        However, petitioner was instructed that if he asked for a stay, he would have to show
11  "good cause" for his failure to exhaust all his claims previously in state court, otherwise he
12  would not be entitled to a stay.  See Rhines v. Weber, 544 U.S. 269, 277 (2005).  Petitioner has
13  made no attempt to make this showing.  Accordingly, his motion for a stay will be DENIED.

14        Having been denied a stay, petitioner has two options.  He could opt to dismiss the entire
15  petition, return to state court to exhaust all his claims and then file another petition at a later date.
16  However, this option is more apparent than real because any subsequent federal petition would
17  almost certainly be barred by the statute of limitations.  See King v. Ryan, 564 F.3d 1133, 1141
18  (9th Cir.), cert. denied, No. 09-5100, 2009 WL 1980821 (U.S. Oct. 5, 2009).  As a result,
19  petitioner presumably would opt to pursue the second option of deleting his unexhausted claims
20  because this would at least allow him to proceed with the one claim that he has exhausted.

21        Accordingly, Claims 1, 3, and 4 will therefore be stricken from the petition, and
22  respondent will be ordered to show cause why the petition should not be granted based on
23  petitioner's one exhausted claim: whether CALJIC 12.85 contains an unconstitutional mandatory
24  presumption that violated due process.  If petitioner would prefer the first option of dismissing
25  this matter with an eye to exhaustion and then filing a habeas petition in the future, provided that
26  he is mindful of the likelihood that such a future petition would be barred as untimely, he may of
27  course file a motion to voluntarily dismiss this matter at any time and the case will be dismissed
28  without prejudice.

**CONCLUSION**

1. Petitioner's request to re-open the case is GRANTED. The Clerk shall vacate the judgment and re-open this action.

2. Petitioner's motion for a stay is DENIED. Petitioner's unexhausted claims 1, 3, and 4 are STRICKEN.

2. Respondent shall file with the court and serve on petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

This order terminates docket no. 16.

IT IS SO ORDERED.

Dated: 12/7/09

RONALD M. WHYTE
United States District Judge